1
2
3
4
5
6
7
8                       **UNITED STATES DISTRICT COURT**

9                       **CENTRAL DISTRICT OF CALIFORNIA**

10  STEVEN W. CHASE,                    ) Case No. CV 22-5641-AB (JPR)
                                        )
11              Plaintiff,              ) ORDER DISMISSING ACTION FOR
                                        ) FAILURE TO PROSECUTE AND FAILURE
12          v.                          ) TO STATE A CLAIM
                                        )
13  J. ENGLEMAN, Warden,                )
                                        )
14              Defendant.              )
                                        )
15  _____   )

16          On June 20, 2023, the Court accepted the Magistrate Judge's

17  Report and Recommendation and granted in part Defendant's motion

18  for summary judgment in this civil-rights action, granting the

19  motion as to two of Plaintiff's claims but denying it on a third.

20  The Court gave Plaintiff 30 days to file an amended complaint

21  properly stating that claim.  Because of some confusion

22  concerning entry of the order on the docket, the Magistrate Judge

23  sua sponte extended Plaintiff's deadline, giving him an

24  additional 28 days, or until October 13.  He still has not filed

25  an amended complaint or requested an extension of time to do so,

26  and the Court's review of the Federal Bureau of Prisons's Inmate

27  Locator website shows that he remains incarcerated at his address

28  of record.  In her September 15 minute order extending the time

                                    1

1    for him to file an amended complaint, the Magistrate Judge warned

2    Plaintiff that if he "fail[ed] to file a timely amended

3    complaint, his lawsuit w[ould] likely be dismissed."

4        Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per

5    curiam), examined when it is appropriate to dismiss a pro se

6    plaintiff's lawsuit for failure to prosecute.  See also Link v.

7    Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke

8    [dismissal] is necessary in order to prevent undue delays in the

9    disposition of pending cases and to avoid congestion in the

10   calendars of the District Courts.").  A court must consider "(1)

11   the public's interest in expeditious resolution of litigation;

12   (2) the court's need to manage its docket; (3) the risk of

13   prejudice to the defendants; (4) the public policy favoring

14   disposition of cases on their merits[;] and (5) the availability

15   of less drastic sanctions."  Carey, 856 F.2d at 1440.

16   Unreasonable delay creates a rebuttable presumption of prejudice

17   to the defendants that can be overcome only with an affirmative

18   showing of just cause by the plaintiff.  See In re Eisen, 31 F.3d

19   1447, 1452-53 (9th Cir. 1994).

20       Here, the first, second, third, and fifth Carey factors

21   militate in favor of dismissal.  In particular, Plaintiff has

22   offered no explanation for his failure to file an amended

23   complaint fixing the deficiencies identified by the Court.  Thus,

24   he has not rebutted the presumption of prejudice to Defendants.

25   No less drastic sanction is available, as the Complaint fails to

26   properly allege jurisdiction and therefore cannot proceed, and

27   Plaintiff is unable or unwilling to comply with the instructions

28   for fixing his allegations.  Because his lawsuit cannot go

forward in its current form, the Court is unable to manage its docket.  Although the fourth <u>Carey</u> factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits.  See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261-63 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); <u>Baskett v. Quinn</u>, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and failure to state a claim.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  November 9, 2023

ANDRE BIROTTE JR.
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

3